IN THE UNITED STATES DISTRIC COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK DOMBOS,

    Plaintiff,

v.                                                                            No. 24-cv-1181 DHU/KK

SECRETARY OF CORRECTIONS, N.M.C.D, and
FNU HATCH, Director of Adult Prisons N.M.C.D,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff Frank Dombos' prisoner civil rights claims. Plaintiff is a state prisoner and is proceeding *pro se*. He raises various claims relating to his conditions of confinement and the prison mail system. *See* (Doc. 1) (Prisoner Civil Rights Complaint); (Docs. 4, 5, 7, 8, 9, 14, 17, 22, 23, 24) (Plaintiff's supplemental filings); and (Docs. 2, 3, 6, 16, 18, 19) (Plaintiff's motions). This matter is also before the Court on Defendants' Motion to Stay (Doc. 11), Motion to Dismiss (Doc. 12), and Motion to Strike (Doc. 20). Having considered the record and applicable law, the Court will order Plaintiff to file a single, amended complaint, as set forth below.

    1.    **Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2)**

    Plaintiff filed a Motion to Proceed *In Forma Pauperis* on November 21, 2024. (Doc. 2). On January 30, 2025, Plaintiff paid the $405 filing fee. *See* (Doc. 15). Therefore, the Motion to Proceed *In Forma Pauperis* is moot as to payment of the filing fee. To the extent Plaintiff seeks other benefits of *in forma pauperis* status, such as court-supplied service if the claims survive initial review, the Court will grant the Motion to Proceed *In Forma Pauperis* (Doc. 2). *See*

§ 1915(a); Fed. R. Civ. P. 4(c)(3). The Motion to Proceed *In Forma Pauperis* is denied as to any other relief requested.

2.  **Defendants' Motion to Stay (Doc. 11)**

Defendants seek a stay of "all litigation," including any discovery obligations, until their Motion to Dismiss based on qualified immunity is resolved. (Doc. 11). By statute, the Court must screen all civil complaints where, as here, "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. *Sua sponte* dismissal is required where the complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. 28 U.S.C. §1915A(b). Section 1997(e) of Title 42 further provides that a defendant may decline to reply to any action brought by a prisoner until the Court orders a response. 42 U.S.C. §1997e(g)(1)-(2). Prisoner petitions are excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules. *See* D.N.M.LR-Civ. 16.3(d).

Consistent with these authorities, Defendants are not required to take further action in this case until after the initial review process is complete. The Court will grant the Motion to Stay (Doc. 11) in part to the extent it applies to Defendants' pre-screening obligations. Defendants are not required to respond to Plaintiff's filings or engage in discovery unless and until this Court orders otherwise. The proceedings will not be entirely stayed, however, as the Court will continue to work on the case and review the existing filings. If Plaintiff's claims survive initial review, the Court will enter a separate order setting a deadline for Defendants to file an answer.

3.  **Plaintiff Must File a Single Amended Pleading**

Plaintiff initiated this case by filing a Prisoner's Civil Rights Complaint on November 21, 2024. (Doc. 1). He names as Defendants the Secretary of Corrections for the New Mexico

Corrections Department ("NMCD"), and T. Hatch, NMCD Director of Adult Prisons. (Doc. 1) at 1-2. The Complaint contains narratives discussing multiple allegations, such as retaliation, unsafe prison conditions, disability access, mail issues, and due process violations. *See* (Doc. 1) at 2-16. Plaintiff has also filed 15 supplemental briefs, affidavits, notices, and motions relating to his claims. *See* (Docs. 4, 5, 7, 8, 9, 14, 17, 22, 23, 24) (Plaintiff's supplemental filings), and (Docs. 3, 6, 16, 18, 19) (Plaintiff's motions). These filings contain additional factual allegations and claims, and Plaintiff seeks a telephonic hearing and service on Defendants.

"It is not the role of either the court or the defendant to sort through a lengthy ... complaint and voluminous [supplemental pleadings] ... to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); *Pola v. Utah*, 458 Fed. Appx. 760, 762 (10th Cir. 2012) (rejecting submissions that include "everything but the kitchen sink"). Accepting Plaintiff's piecemeal pleadings would force the Court to "carefully comb through" the docket "to ascertain which [filings] contain pertinent allegations to which a response is warranted." *McNamara*, 570 Fed. App'x at 743. This would be particularly difficult here, as Plaintiff's legal theories and factual allegations are intermingled with his arguments seeking procedural relief. The piecemeal pleadings also impede the screening function under 28 U.S.C. § 1915A because the Court cannot discern which claims Plaintiff seeks to pursue or whether specific claims against specific Defendants have merit. *See* 28 U.S.C. § 1915A (requiring courts to *sua sponte* screen prisoner complaints and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted).

Consistent with these authorities, the Court declines to consider Plaintiff's current pleadings and within thirty (30) days of this ruling, Plaintiff must file a single amended complaint on the proper form § 1983 complaint. The amendment must contain all claims and list all Defendants that Plaintiff seeks to include in this case, and it must not exceed 30 pages in length. It must also contain a short and plain statement demonstrating the grounds for relief, as required by Fed. R. Civ. P. 8(a). The amendment must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). Moreover, "a defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (to plead supervisor's liability, plaintiff must show he or she personally directed alleged offensive conduct or knew the plaintiff's rights were being violated but did not prevent it).

If Plaintiff fails to timely file a single, amended complaint that complies with these instructions - or if he continues to file piecemeal submissions that violate Rule 8(a) - the Court may dismiss this case with or without prejudice.

**4.  All Remaining Motions Are Denied as Moot**

The Court will deny all remaining motions without prejudice, specifically: Defendants' Motion to Dismiss (Doc. 12) and Motion to Strike (Doc. 20), and Plaintiff's motions requesting various forms of relief (Docs. 3, 6, 16, 18, 19). Such motions are moot in light of the Court's ruling directing an amended complaint.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) and Defendants' Motion to Stay (**Doc. 11**) are **GRANTED in part** as set forth above;

2. Defendants' Motion to Dismiss (**Doc. 12**) and Motion to Strike (**Doc. 20**), and Plaintiff's motions requesting various forms of relief (**Docs. 3, 6, 16, 18, 19**), are **DENIED without prejudice**;

3. Within thirty (30) days of entry of this Order, Plaintiff must file a single, amended complaint that complies with the above instructions; and

4. Failure to timely comply with this Memorandum Opinion and Order may result in dismissal of this action without further notice.

_____
HONORABLE DAVID H. URIAS
UNITED STATES DISTRICT JUDGE